UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL BALENGER,

Petitioner,

vs.                                                CASE NO. 8:07-cv-2176-T-27MAP
                                                   CRIM. CASE NO. 8:06-cr-211-T-27MAP

UNITED STATES OF AMERICA,

Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 5), the Government's Response (CV Dkt. 10), and Petitioner's Reply (CV Dkt. 16). Upon consideration, Petitioner's motion is DENIED.

**Procedural Background**

Petitioner was charged in a three-count indictment with being a felon in possession of a firearm (count one), in violation of 18 U.S.C. § 922(g) and distribution of marijuana (counts two and three), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (CR Dkt. 1). On August 31, 2006, Petitioner pleaded guilty pursuant to a plea agreement. (CR Dkts. 13, 15, 30). On November 27, 2006, Petitioner was sentenced on count one to fifty-one months imprisonment to be followed by three years of supervised release.[1] (CR Dkt. 21, 23). Petitioner filed no direct appeal.

Petitioner filed his original Section 2255 motion on November 28, 2007 (CR Dkt. 25; CV Dkt. 1) and filed his amended motion on January 22, 2008 (CV Dkt. 5). The Respondent makes no challenge to the timeliness of the motion.

---

[1] The prosecution dismissed Counts Two and Three as part of the plea agreement (CR Dkt. 13).

In his motion, Petitioner raises two grounds for relief:

**Ground One**: Denial of effective assistance of counsel at sentencing; and

**Ground Two**: Amendment 709 to the United States Sentencing Guidelines § 4A1.2 should result in a reduction of Petitioner's criminal history points

## Discussion

**Ground One**

Petitioner alleges that his trial counsel rendered ineffective assistance by failing to "conduct any investigation to intelligently determine the correctness and authenticity/validity of [a] prior Florida case to see whether . . . it was a countable or non-countable offense" for sentencing purposes. Petitioner argues that counsel's failure to investigate Petitioner's 1997 state misdemeanor charges for possession of cannabis and possession of drug paraphernalia and counsel's admission at sentencing that these offenses were "countable" for sentencing purposes resulted in Petitioner falling into Criminal History Category IV instead of Criminal History Category III. Petitioner claims that this categorization caused him to receive a longer sentence than he otherwise would have received.

The appeal waiver in Petitioner's plea agreement bars this claim.[2] Petitioner averred at the change of plea hearing that he understood the consequences of the appeal waiver.[3] Petitioner neither

---

[2] The appeal waiver in Petitioner's plea agreement states in relevant part:

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable sentencing guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . . (CR Dkt. 13, p. 12)

[3] Specifically, the magistrate judge inquired:

(continued...)

challenges the validity of the waiver nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim.[4] Notwithstanding the waiver and even considering the claim on the merits, Petitioner is entitled to no relief.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective

---

[3](...continued)

Court: [Y]ou ha[ve] a paragraph in your plea agreement entitled appeal of sentence waiver. . . .The important point to note about this paragraph is that you are limiting your right to take an appeal and you can now only appeal in certain circumstances. For example, the ground that the sentence exceeds your applicable guideline range as decided by the Court, not as what you argue, the ground that the sentence exceeds the statutory maximum penalty, which for you, Mr. Balenger, is up to ten years, . . . the ground the sentence violates the Eighth Amendment to the Constitution which deals with cruel and unusual punishment, or if the Government appeals, then you can appeal. So this paragraph says that you are limiting your right to take an appeal.

And the Court, that is, the Eleventh Circuit, has also held that by a waiver like this, you're also waiving your right to effective assistance of counsel at the sentencing hearing, at least as it pertains to this waiver and these issues. Do you understand that you are limiting your right to take an appeal?

. . .

Balenger: Yes, Your Honor.

Court: Has anybody forced you or promised you anything other than what's in the plea agreement?

. . .

Balenger: No, Your Honor.

(CR Dkt. 74, CV Dkt. 30, pp. 18-19).

[4] Petitioner specifically states in his amended reply (CV Dkt. 16, p. 5) that he "makes no complaint at all as to the [p]lea that he entered because as he remains firm in his decision making, he was and remains convicted for the federal gun offense that he was rightfully charged and convicted of."

> assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to

4

trial. *Hill v. Lockhart*, 474 U.S. 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. Petitioner cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

Petitioner fails to present any evidence that counsel failed to investigate the nature and validity of his 1997 charges as Petitioner now claims.[5] He likewise fails to demonstrate any error

---

[5] Petitioner attaches to his memorandum of law (CV Dkt. 9, Ex. A) a copy of a general order signed on December 12, 2006, by Judge Manuel Menendez ordering the dismissal of misdemeanor and traffic warrants issued in Hillsborough County prior to January 1, 1999. Petitioner appears to believe that this order nullified his 1997 charges. The order specifically applies to "cases listed in Exhibit 1" attached to underlying applicable motion to dismiss and purge. Petitioner presents no evidence that this general order applied to his state case and the record shows no dismissal of those charges. This evidence does not support Petitioner's federal claim.

in the calculation of his criminal history category or his sentencing guidelines range.[6] The record shows that counsel brought this issue to the court's attention at the sentencing hearing and that the Court advised Petitioner that the 1997 offenses had been properly scored.[7] Petitioner fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment. *Waters v. Thomas*, 46 F.3d at 1512; *Chandler v. United States*, 218 F.3d at 1314. Petitioner demonstrates neither deficient performance nor resulting prejudice based on counsel's performance at sentencing. Petitioner cannot obtain relief on his claim of ineffective assistance of counsel because the requirements of *Strickland* remain unsatisfied.

---

[6] The Court granted the Government's motion for a two-level downward departure based on Petitioner's assistance in another criminal investigation (CV Dkt. 31, pp. 3-4).

[7] Counsel alerted the Court:

| | |
|---|---|
| Counsel: | Judge, I apologize. When you asked me was there any objections to the application of the guidelines, I indicated no. I still have no objection, but Mr. Balenger did indicate that he wanted to bring to the court's attention that he believes paragraph 49, which is a possession of cannabis, for which - - it was Hillsborough County, he pled no contest, adjudication was withheld and there was $156 in court costs, and it's scored as one point. |
| | Mr. Balenger feels that because there was an adjudication withheld and court costs, that offense should not be scored. I have explained to him the law on that, but I wanted to bring that the court's attention in the discharge of my duty to him. |
| . . . | |
| Court: | Well, that one offense [counsel] alerted me to is properly scored under the federal system, even though adjudication was withheld. |
| Counsel: | Sure. |
| Court: | I mean, that's just the way the Federal Guidelines treat those types of adjudications. |
| Counsel: | I explained it to him, Judge, that it's not excludable under Chapter 4, it's not an excludable offense. |

(CV Dkt. 31, pp. 11-12).

**Ground Two**

Petitioner contends that Amendment 709 to the United States Sentencing Guidelines, effective November 1, 2007, should result in a reduction of his criminal history points. Petitioner again claims that trial counsel's failure to investigate the validity of the 1997 misdemeanor offenses, in light of Amendment 709, resulted in Petitioner receiving a lengthier sentence than he otherwise would have received.[8]

Amendment 709 addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S.S.G. Manual, App. C, Amend. 709 (2007). Amendment 709 was promulgated well after Petitioner's sentencing. Petitioner appears to seek retroactive application of the Amendment to reduce his sentence by having the court substantively change the calculation of his criminal history category. Section 3582(c)(2) permits a district court to reduce a previously imposed sentence "if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement on retroactive reduction of sentences provides that a sentence reduction is not authorized by Section 3582(c)(2) unless: (1) the applicable guideline range was lowered as a result of an amendment to the Guidelines; and (2) the amendment is listed as retroactively applicable under U.S.S.G. § 1B1.10(c). *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). *See also United States v. Gibbs*, 323 Fed.Appx. 743 (11th Cir. 2009) (unpublished). Amendment 709 does not appear in Section 1B1.10(c) of the Sentencing Guidelines. Consequently, Amendment 709 is not

---

[8] The appeal waiver also bars this claim of ineffective assistance. Notwithstanding, the court considers the merits of the claim.

7

retroactively applicable and cannot be used to reduce Petitioner's sentence. Counsel cannot be deemed ineffective for failing to raise a frivolous argument. *See Jones v. Barnes*, 463 U.S. at 751. Ground two warrants no relief.

### Evidentiary hearing

Petitioner seeks an evidentiary hearing. This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 5) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 26th day of April, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record